IN THE UNITED STATES DISTRICT COURT
FOR THE ~~SOUTHERN~~ DISTRICT OF ALABAMA
Middle, Ala

DARRYL D. RIGGINS # 184405    RECEIVED    )
Plaintiff    )

2008 MAR 26  A 9:58

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

CLASS ACTION

Civil Action No: _____

2:08 CV 218 - MHT

VS.    )

Richard Allen, GRANT Culliver    )
WARDEN FOLKS, W. Bishop    )
Mr. Myers, C.M.S., DR. R. BURNS, M.D.    )
Ms. Kabler, R.N., D.O.N, C.M.S    )
    )
DEFENDANTS    )

## I. Jurisdiction & VENUE

1.) This is a Civil Action Authorized by 42 U.S.C Section 1983 to Re-dress the deprivation under Color of State law of Rights Secured by the Constitution, of the United States The Court has jurisdiction under 28 U.S.C Section 1331 And 1343 (A)(3) Plaintiff Seeks declaratory Relief pursuant to 28 U.S.C Section 2201 And 2202 Plaintiff's Claims For injunctive Relief Are Authorized by 28 U.S.C Section 2283 And 2284 And Rule 65 of the ~~Feb.~~ Federal Rules of Civil Procedure

2.) The United States District Court For the ~~Southern~~ Middle district of Alabama is An Appropriate VENUE under 28 U.S.C Section 1391 (B)(2) because it is where the events giving Rise to this Claim occurred

## II. PLAINTIFF

3.) Plaintiff DARRYL D. RIGGINS is And Was At All times Mentioned herein A Prisoner of the State of Alabama In the Custody of the Alabama department of Corrections he is Currently Confined IN W.C. Holman

(-1-)

PRISON FOR MEN IN ATMORE ALABAMA

## III. DEFENDANTS

4.) DEFENDANT <u>Richard Allen</u> IS the director/Commissioner of the state of Alabama he IS legally Responsible FOR the overall operation of the department AND EACH INSTITUTION UNDER It's their jurisdiction INCLudin W.C. HOLMAN PRISON FOR MEN

5.) DEFENDANTS <u>Grant Culliver</u> AND <u>Folks</u> AND <u>W. Bishop</u> IS SUPERINTENDents/WARDENS AND Captain OF the SEGREGATION ANNEX OF W.C. HOLMAN PRISON FOR MEN they ARE legally Responsible FOR the OPERATION OF W.C. HOLMAN PRISON FOR MEN AND the WELFARE OF All the INMATES OF that PRISON

6.) DEFENDANT <u>R. Burns, M.D.</u> IS the MEDICAL director OF CORRECTIONS MEDICAL SERVICES (C.M.S) OF the STATE OF ALABAMA department OF CORRECTIONS At W.C. HOLMAN PRISON FOR MEN he IS legally Responsible FOR the OVERAll OPERATION OF C.M.S MEDICAL TREATMENT AND the health AND WELFARE OF All the INMATES OF that PRISON

7.) DEFENDANTS <u>MR. MyERS</u> & <u>MS. KABLER</u> IS Administrators OF C.M.S At W.C. HOLMAN PRISON FOR MEN they ARE legally Responsible FOR the operatio OF the disturbustion OF PRESCRIBED MEDICATIONS by <u>R. Burns, M.D.</u> OR ANY OTHER doctor At W.C. HOLMAN PRISON FOR MEN AND the MEDICAL WELFARE OF All the INMATES OF that PRISON

8.) EACH DEFENDANT IS SUED IN his/her OFFICIAL CAPACITY At All times MENTIONED IN this Complaint EACH DEFENDANT ACTED UNDER the Color OF law

## IV. FACTS

9.) Defendants are knowingly and willingly over medicating the inmates in the Segregation Annex at W.E. Holman by giving the inmates two (2) to three (3) times the prescribed dosages of their medication

10.) When the inmates inform the nurses they've been giving to much medication the nurses and A.D.O.C officials advise the inmates to take half and save half for later

11.) It's against rules and regulations of C.M.S and A.D.O.C to hoard any medication in their cell after pill call and if caught with any medications inmates are subject to disciplinary action for punitive punishment

12.) Upon information and belief there are inmates in the Segregation Annex whom are receiving mental health medications and for numerous other serious medical needs such as epiletic, asthma, hyper— tention, diebetic, etc. etc.

13.) Upon information and belief the above mentioned medications are to be ~~Monort~~ monotored by blood levels and adjusted accordingly and if take off ~~shedulect~~ scheduled meaning too late, too soon, too close, or too far apart can and may prove letheal

14.) Upon information and belief the defendants are very aware of this longstanding substantial risk of serious irreparable harm they have placed the inmates in with a concerted effort

(-3-)

15.) DEFENDANTS has embraced a clearly established showing of IN-adequate medical treatment and security

16.) DEFENDANTS ARE AWARE of there deliberate INDIFFERENCE to the Substantial Risk of serious IRREPARABLE harm

17.) DEFENDANTS ARE charging INMATES a CO-PAY charge of $3.00 For Medical treatment which IS against laws and statues of Federal and State laws to make a convicted INMATE Pay For basic human Needs Such As medical treatment

18.) INMATES whom ARE being give too much medication IS subject to OVERDOSING to there death or Mental health INMATES May Even commit Suicide

19.) DEFENDANTS For A.D.O.C. does Not do Security checks to ENSURE Safety From the above mentioned #18 PARAGRAPH From happening

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff RespectFully PRAYs that this honorable court Enter Judgment granting plaintiff:

20.) A Declaration that the Acts And omissions described herein Violated Plaintiff's Rights under the Constitution And laws of the United States

(-4-)

21.) A preliminary and permanent injunction ordering defendants their successors, agents, employee's, and all persons acting in concert with them to protect plaintiff's from any future injuries and implement an adequate security and medical treatment

22.) A jury trial on all issues triable by jury

23) Plaintiff's costs in this suit

24.) Any additional relief this honorable court deems just proper and equitable

Done on this 09th day of March        2008

Respectfully submitted

Darryl D. Riggins #184051
Seg. Annex - K - 34 - A
Holman Unit 3700
Atmore, Alabama
                    36503

(-5-)

## VERIFICATION

I have Read the foregoing Complaint and hereby verify that the matters alleged herein are true, except as to matters alleged on Information and belief and as to those I believe them to be true I Certify under penalty of perjury that the foregoing is true and Correct

Executed at W.C. Holman Prison, Atmore, Alabama on this 09th Day of March        2008

Darryl D. Riggins #184051
Seg. Annex - K-34-A
Holman Unit 3700
Atmore, Alabama
            36503

All defendants address Is
As Follows:

W.C. Holman Prison
Holman Unit 3700
Atmore, Alabama
            36503

(-6-)

## VI. DEFENDANTS DELIBERATE INDIFFERENCE

25.) By March 09th 2008 defendants had actual knowledge of the substantial risk of serious irreparable harm to plaintiffs they know of plaintiffs with serious medical needs of mental, epiletic, asthoua dietibetic, hypertention, etc. etc. and that these medications can and may prove toxic and or hazardous if misused this risk is longstanding pervasive and apparent to any knowledgeable observer

26.) upon information and belief all defendants are aware of their continueous refusal of adequate medical treatment is a direct result to the substantial risk of serious irreparable harm

27.) upon information and belief plaintiffs has filed several administrativ complaints and grievances about inadequate medical treatment and safety all defendants reviewed these complaints and grievance

28.) upon information and belief defendents at W. C. Holman prison act with deliberate indifference by engaging in a policy and custom of inadequate medical treatment and security

## VII. INADEQUATE MEDICAL CARE

29.) by march 09, 2008 defendants refused to get plaintiffs their properl prescribed dosage of medications

30.) All inmates are subject to serious irreparable harm by the defendants continueous refusal of adequate medical treatment

31.) As a Result of defendants deliberate indifference to plaintiffs serious medical needs and the potential threat to the plaintiffs health and safety plaintiffs are suffering prolonged and extreme pains unnessesary complications and other psychological trauma

## VIII. Ongoing substantial Risk of serious harm

32.) Despite the facts described above plaintiffs safety at W.C. Holman Prison for men has not improved defendants has not improved the inadequate medical treatment which poses a substantial risk of serious irreparable harm

## VIIII. Exhaustion

33.) Plaintiff has exhausted all available administrative Remedies Regarding the matters described in this complaint

## X. Legal Claims and Cause of Action

Plaintiffs Reallege and incorporate by Reference Paragraphs #'s 1-32 of this complaint

## Count I.

The deliberate indifferate indifference of defendants at W.C. Holman Prison for men to the substantial risk of serious irreparable harm has deprived and continues to deprive plaintiffs of their Rights under the due process Clause of the fourteenth amendment to the United States Constitution and Eighth amendment of Cruel and Unusual punishment

(-8-)

## Count II.

Defendants Mr. Myers, R. Burns, M.D. And Ms. Kabler Failure to Intervene In the Ongoing Risk of serious Irreparable harm to Plaintiffs Amounts to deliberate Indifference In Violation Of Plaintiffs Rights under the due Process Clause Of the Fourteenth Amendment to the United States Constitution And eighth Amendment Of Cruel And unusual Punishment

## Count III.

The deliberate Indifference Of defendants Of the department Of Corrections And Corrections Medical Services to Plaintiffs Adequate Medical Treatment deprived plaintiffs Of their Rights under the due Process Clause Of the Fourteenth Amendment And 8th eighth Amendment Of Cruel And unusual Punishment to the United states Constitution

Done on this 09th Day Of March 2008

Respectfully submitted

Darryl D. Riggins #184051

Darryl D. Riggins #184051
Seg. Annex - K-34-A
Holman Unit 3700
Atmore, Alabama
35
36503

(-9-)

Marvin D. Rogers #187051
Seg. Annex - K-34-A
Bullock Unit 3700
Phillbee, Alabama
36503

Office of Court Clerk
(Hon.) Mrs. Debra Hackett
United States District Court
United States Middle District Court
one Church Street
Montgomery, Alabama
36104



USA FIRST-CLASS FOREVER