IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

DARRYL D. RIGGINS #184051 )
Plaintiff )
) Class Action
VS. ) Civil Action No: 2:08CV218-MHT
)
Richard Allen, et.al., )
Defendants )

## Memorandum of Law In Support of Plaintiffs Motion For Immediate Preliminary Injunction

Plaintiffs submitt this Memorandum of law in support of their Motion For Immediate Preliminary Injunction

In determining whether a preliminary injunction should be issued a Court must consider whether the party seeking the injunction has demonstrated that:
1) It has a reasonable likelihood of success on the merits of the underlying claim; (2) No adequate remedy at law exists; (3) Plaintiff have and continues to suffer irreparable harm if the preliminary injunction is denied; (4) The irreparable harm the Plaintiffs will suffer without injunctive relief is greater than the harm the opposing party will suffer if the preliminary injunction is granted; and (5) the preliminary injunction will not harm the public interest. Ty, Inc. v. Jones Group, Inc., 237 F.3d 891 895 (7th Cir. 2001); Platianum Home Mortgage Corp v. Platianum Fin. Group, Inc., 149 F.3d 722 726 (7th Cir. 1998)

### I. There Is A Reasonable likelihood that Plaintiffs Will Succeed on the Merits In this Case

In the Seventh Circuit the threshold for showing a reasonable likelihood of success is low. Plaintiffs need only demonstrate a "better than negligible chance of succeeding" Cooper v. Salazar 196 F.3d 809, 813 (7th Cir. 1999)

Here plaintiffs are very likely to prevail on the merits, the Eighth Amendment requires prison officials to protect the health and safety of inmates, they may not act with deliberate indifference to the deprivation of a basic human need Farmer v. Brennan 511 U.S. 825 (1994)

It is well established that adequate medical treatment and security in prisons is a basic human need. As the Seventh Circuit has explained "Adequate medical treatment and security is no longer considered an optional form of choice for prison officials but is instead a necessary requirement for physical and mental wellbeing." Farmer v. Brennan, 511 U.S. at 837 Wilson 50 U.S. at 299 - Whitley 475 U.S. at 319 Estelle v. Gamble 429 U.S. 104-05 (1976) Boretti v. Wiscomb 930 F.2d 1150, 1154-55 (6th Cir. 1991) Antonelli v. Sheahan 81 F.3d 1422, 1429 (7th Cir 1996)

Here as plaintiffs verified complaint shows plaintiffs have been and continues to be denied adequate medical treatment and security and knowingly and willingly intentionally placing them in harms way

While defendants has continued to show deliberate indifference to inmates at W.C. Holman prison for men, plaintiff has made repeated requests for adequate medical treatment to defendants both verbally and in written administrative complaints and grievances

## II. Plaintiffs Face a Substantial Threat of Irreparable Harm

Irreparable harm will result unless an injunction is granted

In this case as a result of being denied adequate medical treatment and security plaintiffs has suffered and continue to suffer serious physical and mental injuries

In <u>Delaney v. DeTella</u> the Seventh Circuit held that similar injuries were sufficiently serious to support a claim under the Eighth Amendment 256 F.3d at 685

Plaintiffs have reported their concerns of injuries to defendants oral and in written administrative complaints and grievances putting them on notice of the potential threat caused by their actions and refusal of adequate medical treatment and security defendants have refused to change their policy as a result of defendants deliberate indifference plaintiffs will continue to face a great substantial risk of serious irreparable harm and or death as long as their refused adequate medical treatment the injuries may last for months even years if not <u>Death</u>

Any remedy at law for plaintiffs would be <u>inadequate</u> the Seventh Circuit has explained that in the context of a motion for preliminary injunction, the term "inadequate" does not mean "wholly ineffectual" but rather "seriously deficient as a remedy for the harm suffered" <u>Roland Mach. Co. v. Dresser Indus. Inc.</u>, 749 F.2d 380, 386 (7th Cir. 1984) Here any after-the-fact remedy for the serious injuries that the plaintiffs are now suffering would be seriously deficient, see <u>Jolly v. Coughlin</u> 76 F.3d 468, 482 (2n Cir. 1996) (finding that plaintiff had sustained irreparable harm "that can not be adequately compensated monetarily") Preliminary Injunction Relief is appropriate to correct this ongoing Constitutional Violation

<u>III. The threatened harm to plaintiff outweighs any harm that the injunction may cause defendants</u>

The threat of harm to plaintiffs outweighs any harm that might result to defendants by a preliminary injunction as this memorandum has explained plaintiffs at W.C. Holman prison for men Segregation Annex unit (single man cell) unobserved and being refused adequate medical treatment and security shows they are exposed to ongoing substantial risk of serious irreparable harm or death as they are being knowingly and willingly overmedicated the relief that plaintiffs seek is essentially an order compelling defendants to perform their pre-existing duties under the United States Constitution see *Farmer* 511 U.S. at 825, 833 (1994) and *Estelle v. Gamble*, 429 U.S. 97 104-05 (1976) The proposed relief is narrowly tailored to remedy the violation of plaintiffs constitutional rights and to prevent the occurrence of irreparable harm in the future see 18 U.S.C § 3626 (A) It will not cause defendants any real "harm"

### IV. The Public Interest will not be disserved by a grant of a preliminary injunction

Finally plaintiffs seek an immediate preliminary injunction to protect their rights under the eighth amendment as a general matter the "Public Interest... is always well served by protecting the constitutional rights of all it's members" *Reinert v. Haas* 585 F. Supp. 477, 481 (S.D. Iowa 1984) see also *Spartacus Youth League v. Board of Trustees*, 502 F. Supp. 789, 804 (N.D. Ill. 1980) (finding that "the ultimate public interest lies in the protection of the constitutional rights which plaintiff assert") The public interest is not served by the defendants current practice of subjecting inmates in administrative segregation Annex unit to the deprivation of a basic human need

## Conclusion

For these reasons plaintiffs ask this Court to order defendants their successors, agents, employee's and all persons acting in concert with them to provide plaintiffs with adequate medical treatment and security at W.C. Holman Prison for Men

Respectfully Submitted this 09th day of March 2008

Respectfully submitted

*/s/ Darryl D. Riggins* #184051

Darryl D. Riggins #184051
Seg. Annex-K-34-A
Holman Unit 3700
Atmore, Alabama 36503